IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| WILLIE COSEY ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 07-1343 |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |

## ORDER

Before the Court is Petitioner Willie Cosey's Motion pursuant to 28 U.S.C. § 2255. For the reasons set forth below, Cosey's Motion is DENIED.

## BACKGROUND

On September 26, 2003, Cosey and co-defendant, Anthony Curtis, were charged in a two-count Superseding Indictment with conspiracy to possess with intent to distribute cocaine and cocaine base (crack) in violation of Title 21, U.S.C. §§ 846 and 841(b)(1)(A) and with possession of cocaine and more than 50 grams of a mixture and substance containing cocaine base (crack) in violation of Title 21, U.S.C. §§ 841(a)(1) and 841(b)(1)(A) and Title 18, U.S.C. §2.

On February 12, 2004, Cosey entered into a Plea Agreement with the Government, whereby he pled guilty to Count 2 of the Superseding Indictment, Possession of Less than 50 Grams of Cocaine with Intent to Distribute. Count 1 of the Superseding Indictment was dismissed upon motion of the United States.

On May 27, 2004, this Court adopted the findings of the Pre-Sentence Report and sentenced Cosey to a term of imprisonment of 150 months, 6 years supervised release, no fine, and a $100 special assessment.

Cosey did not appeal his sentence.

On December 13, 2007, Cosey filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. In his petition, Cosey argued the Court improperly assessed his criminal history points and that he was denied effective assistance of counsel. On February 25, 2008, this Court re-characterized Cosey's motion as a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. The Government filed a Response to Cosey's § 2255 Motion on March 25, 2008. Cosey filed a traverse on June 4, 2008. As the issues are now fully briefed, this Order follows.

## DISCUSSION

There are statutory time limits which govern whether a district court can entertain a Motion to Vacate, Set Aside or Correct Sentence. The present case is governed by 28 U.S.C. § 2255. The statute reads, in part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> **(1)** the date on which the judgment of conviction becomes final;
>
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

**(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Cosey does not argue that an impediment prevented him from bringing his § 2255 motion earlier or that he is relying on a newly recognized right. In his Motion, Cosey states, "Only through recent study in the law library, [he] was able to discover the facts for argument in this petition." The Court does not find recent study in the law library a sufficient argument to satisfy the requirement of the fourth prong of the statute. Accordingly, Cosey's claim is only timely if his § 2255 motion was brought within one year of the date on which his judgment of conviction became final.

This Court sentenced Cosey on May 27, 2004. Because he did not appeal his sentence, his judgment of conviction became final on June 10, 2004, when his claim could no longer be subject to appellate review. *See* Fed. R. App. P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of: (i) the entry of either the judgment or the order being appeal; or (ii) the filing of the government's notice of appeal."). In order to be timely, Cosey would have had to file the instant motion prior to June 10, 2005. Cosey did not file his motion until December 13, 2007, 3 ½ years after his judgment of conviction became final. Therefore, unless the limitation period can be equitably tolled, Cosey's petition would be time-barred.

Equitable tolling of a statute of limitation is an extraordinary remedy reserved for truly exceptional situations. *Nolan v. U.S.*, 358 F.3d 480, 486 (7th Cir. 2004). Before the principles of equitable tolling apply, a petitioner must

demonstrate, first, that extraordinary circumstances outside of his control and through no fault of his own prevented him from timely filing his petition. *Tucker v. Kingston*, No. 08-1405, 2008 WL 3563835, at *2 (7th Cir. August 15, 2008) (internal citations omitted).  Second, he must also show that he has diligently pursued his claim, despite the obstacle. *Id.*  Cosey's petition fails to plead that equitable tolling should apply and this Court finds no reason to extend the limitation period.  Accordingly, Cosey's claim is time barred by 28 U.S.C. § 2255.

## CONCLUSION

For the reasons set forth above, Cosey's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is DENIED.

ENTERED this 18th day of August, 2008.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge